SUMMARY ORDER
Sean Stuckey appeals from a judgment of conviction, following a six-day jury trial, for one count of possessing a firearm and ammunition, which had been shipped and transported in interstate commerce, after having been convicted of a crimé punishable by imprisonment for a term exceeding one year, and after having had three previous convictions for a violent felony, in violation of 18 U.S.C. §§ 922(g)(1), 924(e). Stuckey was sentenced to 188 months’ and ten days’ imprisonment, followed by five years of supervised release. We assume the parties’ familiarity with the facts and procedural history of this case, and the issues presented on this appeal.
Stuckey contends that the district court erred by not ordering a competency hearing sua sponte. After a careful review of the record, we conclude that the district court acted within its discretion in not deciding, on its own motion, that there was “reasonable cause to believe that the defendant [was] suffering from a mental disease or defect rendering him mentally incompetent to the extent that he [was] unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.” United States v. Quintieri, 306 F.3d 1217, 1232 (2d Cir.2002) (quoting § 18 U.S.C. *50 § 4241(a) (internal quotation marks omitted)). We therefore reject the argument.
Stuckey asserts that several statements evincing Stuckey’s knowledge of the presence of the gun and ammunition in his room were allegedly made in violation of the Miranda rule. See Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). They were nonetheless admitted at trial on the theory that Stuckey’s counsel had presented a defense that Stuckey did not have knowledge of his possession of the gun and ammunition, and thereby “opened the door” to such evidence to the contrary. The government now concedes that these statements were admitted in error. Stuckey did not testify, and his statements therefore were not admissible despite the Miranda flaw, inasmuch as they were not being used to impeach his testimony. Cf. James v. Illinois, 493 U.S. 307, 312-20, 110 S.Ct. 648, 107 L.Ed.2d 676 (1990) (noting that statements elicited in violation of Miranda can be admitted to impeach defendants’ testimony). Because Stuckey’s tidal counsel’s stated reasons for objecting to the use of these statements was based only on counsel’s contention that “the door” was not sufficiently “opened,” we review the district court’s ruling for plain error. See United States v. Feliciano, 223 F.3d 102, 114-15 (2d Cir.2000).
“Under the plain error test of Rule 52(b), before an appellate court can correct an error not raised at trial, there must be (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.” United States v. Vasquez, 267 F.3d 79, 87 (2d Cir.2001) (citations and internal quotation marks omitted). We conclude that even if there was error and it was plain, it did not either affect substantial rights or seriously affect the fairness, integrity or public reputation of judicial proceedings. We therefore decline to vacate the judgment on these grounds.
Stuckey argues that the district court erred in admitting as evidence the gun, magazine clip, box of ammunition, and loose rounds of ammunition allegedly found in his room. This argument fails because, although a perfect chain of custody may not have been established, there was enough evidence of authenticity to permit a reasonable juror to conclude that the physical evidence admitted was the evidence found in Stuckey’s room. See United States v. Dhinsa, 243 F.3d 635, 658 (2d Cir.2001).
Having reviewed the record, moreover, we find no support for Stuckey’s argument that there was insufficient evidence to convict him.
Stuckey’s argument that 18 U.S.C. § 922(g) is unconstitutional under Columbia v. Heller, — U.S. -, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008), is unavailing. The Heller Court made it clear that “nothing in [the] opinion should be taken to cast doubt on longstanding prohibition on the possession of firearms by felons.” Id. at 2816. Similarly, Stuckey’s argument that the Armed Career Criminal Act violates Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) is foreclosed by the decision in Apprendi, itself. See id. at 488, 490, 120 S.Ct. 2348.
Finally, we reject Stuckey’s argument that the district com't did not explain Stuckey’s sentence sufficiently to satisfy 18 U.S.C. § 3553(c). The district court gave an explanation of its reasons sufficient to enable us to review the propriety of the sentence.
*51 Although the district court provided adequate explanation, it did not, as the government concedes, complete the “Statement of Reasons” portion of the judgment form (sealed). The government asks us to remand the case to the district court to permit it to correct this error by amending the form to reflect the reasons the court gave for the sentence at the sentencing hearing. We grant this request.
For the foregoing reasons, the judgment of the district court is hereby AFFIRMED, except insofar as we hereby REMAND to the court for amendment of the judgment form as set forth above.